# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

ADONNIS JAMIL CONNER,

                Petitioner,

v.

RANDELL HEPP,

                Respondent.

Case No. 21-CV-236-JPS

**ORDER**

## 1. INTRODUCTION

On February 22, 2021, Petitioner Adonnis Jamil Conner ("Conner") filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF No. 1. The Court will screen his petition under Rule 4 of the Rules Governing Section 2254 Proceedings.

## 2. FACTUAL BACKGROUND

In 2015, following a jury trial in Milwaukee County Case Number 2015CF002877, Conner was convicted of "1st Degree Reckless Injury" as a party to a crime (Count Two), "Adjudged Delinquent Possess Firearm" (Count Three), "Bail Jumping-Felony" (Count Five), and "Attempt 1st-Degree Intentional Homicide" as a party to a crime (Count Six).[1] According to Conner, he was sentenced to a term of 35 years, 20 of which would be served in custody and 15 of which would be served on extended supervision. ECF No. 1 at 2.

---

[1] *State of Wisconsin v. Adonnis Jamil Conner*, Milwaukee Cnty. Case No., 2015CF002877, https://wcca.wicourts.gov/caseDetail.html?caseNo=2015CF002877&countyNo=40&index=0&mode=details (last visited July 19, 2022).

Connor filed a direct appeal. Therein, he argued that the evidence at his jury trial was insufficient to support his convictions; that the trial court improperly exercised its discretion at sentencing; that the jury was not selected in a lawful manner; that Conner did not knowingly, voluntarily, and intelligently waive his right to testify; that the jury instructions did not accurately convey the applicable law; and that improper arguments were made in opening statements and/or closing arguments. *See State v. Conner*, No. 2018AP1044-CRNM, 2019 WL 13186745 (Wis. Ct. App. Aug. 7, 2019). However, Connor's counsel filed a no-merit report pursuant to Wis. Stat. Rule 809.32 and *Anders v. California*, 386 U.S. 738 (1967). *Id.* Conner filed a response, listing additional grounds for appeal including,

> that (1) the verdicts were inconsistent; (2) the convictions for attempted first-degree intentional homicide and first-degree reckless injury violated double jeopardy; (3) the circuit court erred in allowing the State to file an amended information on the first day of trial, which added the charge of attempted first-degree intentional homicide; (4) the prosecutor's decision to file an amended information amounted to vindictiveness, as it sought to punish Conner for not accepting a plea offer; (5) trial counsel was ineffective for allowing Conner to stipulate to certain facts without ensuring that the decision was done knowingly, voluntarily, and intelligently; (6) the verdict form for attempted first-degree intentional homicide failed to sufficiently describe party-to-a-crime liability; (7) the circuit court erred in directing Conner to proceed at sentencing with his appointed attorney after Conner alleged a conflict of interest against that attorney; and (8) the circuit court erred in its handling of the presentence investigation (PSI) writer's sentencing recommendation.

*Id.* at *2. Connor's counsel then filed a supplemental no-merit report. *Id.* The Wisconsin Court of Appeals addressed each of Connor's bases for appeal and summarily affirmed the trial court's judgment. *Id.* at *4. Connor

appealed, and the Supreme Court of Wisconsin denied review. *State v. Conner*, 940 N.W.2d 337 (Wis. 2020).

Now, Connor seeks habeas relief on the following grounds: (1) Connor's convictions on Counts Two and Six resulted in conflicting verdicts; (2) the state court erred in allowing Connor to be convicted of both Counts Two and Six because they are duplicative; (3) the state engaged in prosecutorial misconduct and retaliation by increasing the severity of the charges against Connor after Connor rejected the proffered plea agreement; (4) Connor was denied an opportunity to defend himself as to the charges that the state brought against him only a day prior to trial; (5) Connor's trial counsel was ineffective for advising Connor to stipulate to possession of a firearm and to committing additional felonies while on bail; (6) the state court relied on inaccurate statements in Connor's presentence investigation report when sentencing him; and (7) the jury verdict form failed to include the party-to-a-crime modifier for Count Six.

3. **ANALYSIS**

Rule 4 authorizes a district court to conduct an initial screening of habeas corpus petitions and to dismiss a petition summarily where "it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Thus, Rule 4 provides the district court the power to dismiss both those petitions that do not state a claim upon which relief may be granted and those petitions that are factually frivolous. *See Small v. Endicott*, 998 F.2d 411, 414 (7th Cir. 1993). Under Rule 4, the Court analyzes preliminary obstacles to review, including whether the petitioner has complied with the statute of limitations, exhausted available state remedies, avoided procedural default, and set forth cognizable claims.

### 3.1 Timeliness

First, the Court considers the timeliness of the petition. A state prisoner in custody pursuant to a state court judgment has one year from the date "the judgment became final" to seek federal habeas relief. 28 U.S.C. § 2244(d)(1)(A). A judgment becomes final within the meaning of § 2244(d)(1)(A) when all direct appeals in the state courts are concluded, followed by either the completion or denial of certiorari proceedings in the U.S. Supreme Court, or, if certiorari is not sought, at the expiration of the ninety days allowed for filing for certiorari. *See Ray v. Clements*, 700 F.3d 993, 1003 (7th Cir. 2012).

Here, the Wisconsin Supreme Court denied Connor's petition for review on January 14, 2020. *Conner*, 940 N.W.2d 337. Connor did not seek certiorari with the U.S. Supreme Court. ECF No. 1 at 11. Thus, his judgment became final ninety days later, on April 13, 2020. Connor then had one year in which to file his petition (i.e., until April 13, 2021). Connor filed his petition on February 22, 2021, well within his time to do so. Thus, his petition is timely.

### 3.2 Exhaustion

Next, the Court analyzes whether Connor fully exhausted his state-court remedies. A district court may not address grounds raised in a habeas petition "unless the state courts have had a full and fair opportunity to review them." *Farrell v. Lane*, 939 F.2d 409, 410 (7th Cir. 1991). Accordingly, a state prisoner is required to exhaust the remedies available in state court before a district court will consider the merits of a federal habeas petition. 28 U.S.C. § 2254(b)(1)(A); *Dressler v. McCaughtry*, 238 F.3d 908, 912 (7th Cir. 2001). A petitioner exhausts his claim when he presents it to the highest state court for a ruling on the merits. *Lieberman v. Thomas*, 505 F.3d 665, 669

(7th Cir. 2007) (citing *Picard v. Connor*, 404 U.S. 270, 275 (1971)); *Perruquet v. Briley*, 390 F.3d 505, 513 (7th Cir. 2004). Once the state's highest court has had a full and fair opportunity to pass upon the merits of the claim, a petitioner is not required to present it to that court again. *Humphrey v. Cady*, 405 U.S. 504, 516 n.18 (1972).

Based on the Wisconsin Court of Appeals' August 7, 2019 order and the Wisconsin Supreme Court's denial of review, it appears that Connor has fully exhausted each of the seven claims in his present petition. *Conner*, 2019 WL 13186745, at *2.

### 3.3 Procedural Default

The Court next determines whether Connor has procedurally defaulted on any of his exhausted grounds. Even though a constitutional claim in a federal habeas petition has been exhausted, a court is still barred from considering the ground if the petitioner has procedurally defaulted on the claim. *See Mahaffey v. Schomig*, 294 F.3d 907, 915 (7th Cir. 2002). A state prisoner procedurally defaults on a constitutional claim in a habeas petition when he fails to raise the claim in the state's highest court in a timely fashion or in the manner prescribed by state law. *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999); *Thomas v. McCaughtry*, 201 F.3d 995, 1000 (7th Cir. 2000). Here, on the record before the Court, is it does not appear that Connor has procedurally defaulted on his properly exhausted claims.

### 3.4 Frivolous Claims

The Court concludes its Rule 4 review by screening Connor's petition for patently frivolous claims. *Ray*, 700 F.3d at 996 n.1. Without expressing any opinion as to the potential merit of Connor's properly exhausted claims, it does not plainly appear that they are frivolous.

**4.	CONCLUSION**

Connor's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 survives screening. The case will proceed as discussed below.

Accordingly,

**IT IS ORDERED** that the parties shall proceed in accordance with the following schedule:

1.	Within thirty (30) days of entry of this Order, Respondent shall file either an appropriate motion seeking dismissal of this action or answer the petition, complying with Rule 5 of the Rules Governing Section 2254 Cases, and showing cause, if any, why the writ should not issue; and

2.	If Respondent files an answer, then the parties should abide by the following briefing schedule:

   a.	Petitioner shall have sixty (60) days after the filing of Respondent's answer within which to file a brief in support of his petition, providing reasons why the writ of habeas corpus should be issued. Petitioner is reminded that, in accordance with 28 U.S.C. § 2248, unless he disputes allegations made by Respondent in his answer or motion to dismiss, those allegations "shall be accepted as true except to the extent that the judge finds from the evidence that they are not true."

   b.	Respondent shall file an opposition brief, with reasons why the writ of habeas corpus should not be issued, within sixty (60) days of service of Petitioner's brief, or within one hundred twenty (120) days from the date of this Order if no brief is filed by Petitioner.

   c.	Petitioner may then file a reply brief, if he wishes to do so, within thirty (30) days after Respondent has filed a response brief.

3. If Respondent files a motion in lieu of an answer, then the parties should abide by the following briefing schedule:

a. Petitioner shall have thirty (30) days following the filing of Respondent's dispositive motion and accompanying brief within which to file a brief in opposition to that motion.

b. Respondent shall have fifteen (15) days following the filing of Petitioner's opposition brief within which to file a reply brief, if any.

Pursuant to Civil L.R. 7(f), the following page limitations apply: briefs in support of or in opposition to the habeas petition or a dispositive motion filed by Respondent must not exceed thirty pages and reply briefs must not exceed fifteen pages, not counting any caption, cover page, table of contents, table of authorities, and/or signature block;

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, as well as a Memorandum of Understanding entered into between the Wisconsin Department of Justice and the U.S. District Clerk of Court for the Eastern District of Wisconsin, a copy of the petition and this Order have been sent via a Notice of Electronic Filing ("NEF") to State of Wisconsin Respondent through the Attorney General for the State of Wisconsin through the Criminal Appeals Unit Director and lead secretary. The Department of Justice will inform the Court within twenty-one (21) days from the date of the NEF whether the Department will not accept service of process on behalf of Respondent, the reason for not accepting service for Respondent, and the last known address of Respondent. The Department of Justice will provide the pleadings to a Respondent on whose behalf it has agreed to accept service of process.

Dated at Milwaukee, Wisconsin, this 19th day of July, 2022.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge