UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

───────────────────────────────────────────

**ADONNIS JAMIL CONNER,**

    Petitioner,

    v.                                                               Case No. 21-CV-236-SCD

**RANDALL HEPP,**

    Respondent.

───────────────────────────────────────────

DECISION AND ORDER
DENYING PETITION FOR WRIT OF HABEAS CORPUS

───────────────────────────────────────────

    Adonnis Conner challenges his 2015 Wisconsin convictions for reckless injury, unlawful possession of a firearm, bail jumping, and attempted homicide. On appeal, the Wisconsin Court of Appeals determined—after reviewing the trial record, the report submitted by Conner's appellate lawyer, and Conner's response to that report—that there were no issues with arguable merit, and the Wisconsin Supreme Court denied Conner's petition for review. Conner then filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, raising seven potential grounds for relief. Because the state court's decision denying those claims was not objectively unreasonable, Conner is not entitled to relief under § 2254. Thus, I will deny his petition and dismiss this action.

BACKGROUND

    In June 2015, the State of Wisconsin charged Conner with several crimes related to the shooting of A.W., including armed robbery (party to a crime), first-degree reckless injury (party to a crime), unlawful possession of a firearm, and bail jumping. *See* Respt's Answer Ex. 2, at 5–6, ECF No. 12-2. After Conner rejected the State's plea offer, the State filed an

amended information that added an attempted first-degree intentional homicide charge, as a party to the crime. *Id.* at 6–7; *see also* Respt's Answer Ex. 9, at 2–3, ECF No. 12-9; Respt's Answer Ex. 10, at 38–42, ECF No. 12-10.

Trial commenced the same day the State filed the amended information. *See* Ex. 2, at 6–7. The defense's theory was that Conner was not involved in the robbery and shooting. *See* Respt's Answer Ex. 11, at 18–21, ECF No. 12-11; Respt's Answer Ex. 15, at 4-14, ECF No. 12-15. At the advice of counsel, Conner stipulated that he had previously been adjudicated delinquent for a crime that would be a felony if committed by an adult and that at the time of the shooting he was out on bail and not supposed to commit any new offense. *See* Respt's Answer Ex. 13, at 41–48, ECF No. 12-13. Conner indicated on the record that he understood the stipulations, he had enough time to discuss them with his lawyer, and they were not the product of any promises or threats. Prior to deliberations, the trial court instructed the jury on party-to-a-crime liability. *See* Ex. 10, at 30–31, 34, 41–42; *see also* Respt's Answer Ex. 14, at 53–55, 62–64, ECF No. 12-14; Ex. 15, at 19–21. The jury found Conner guilty of first-degree reckless injury (as a party to the crime), unlawful possession of a firearm, bail jumping, and attempted first-degree homicide (as a party to the crime). *See* Respt's Answer Ex. 16, ECF No. 12-16.

The trial court ordered Conner to participate in a pre-sentence investigation. *See* Ex. 16, at 12. For reasons unknown, the pre-sentence investigation report did not address the attempted homicide conviction. *See* Respt's Answer Ex. 19, at 3–4, ECF No. 12-19. Given that significant omission, the trial court indicated at sentencing that it was not sure what to do with the investigator's recommendation. *Id.* at 23–24. The court ultimately sentenced Conner to twenty years of initial confinement and fifteen years of extended supervision, with

the sentences on the reckless injury charge and the attempted homicide charge running concurrently. *See id.* at 23–25; *see also* Respt's Answer Ex. 1, ECF No. 12-1.

Conner's lawyer filed a report contending that a direct appeal would be frivolous and without any arguable merit. *See* Ex. 2. Conner filed a response arguing that (1) the verdicts were inconsistent; (2) the convictions for first-degree reckless injury and attempted first-degree intentional homicide violated double jeopardy; (3) the prosecutor's decision to file an amended information amounted to vindictiveness; (4) the circuit court erred in allowing the State to file an amended information on the first day of trial; (5) trial counsel was ineffective for allowing Conner to stipulate to certain facts without ensuring that the decision was done knowingly, voluntarily, and intelligently; (6) the circuit court erred in its handling of the pre-sentence investigator's sentencing recommendation; (7) the circuit court erred in directing Conner to proceed at sentencing with his appointed attorney after Conner alleged a conflict of interest against that attorney; and (8) the verdict form for attempted first-degree intentional homicide failed to sufficiently describe party-to-a-crime liability. *See* Respt's Answer Ex. 3, ECF No. 12-3. Conner's lawyer filed a supplemental report addressing Conner's response. *See* Respt's Answer Ex. 4, ECF No. 12-4.

The Wisconsin Court of Appeals affirmed Conner's judgment of conviction. *See* Respt's Answer Ex. 5, ECF No. 12-5.[1] The court agreed with Conner's appellate lawyer that potential challenges regarding the sufficiency of the evidence, sentencing discretion, jury selection, Conner's waiver of his right to testify, jury instructions, and opening and closing

---

[1] *State v. Conner*, No. 2018AP1044-CRNM, 2019 WL 13186745, 2019 Wisc. App. LEXIS 958 (Wis. Ct. App. Aug. 7, 2019).

3

arguments all lacked arguable merit for appeal. *Id.* at 2–3. The court also found that Conner had failed to present an issue of arguable merit in response to the no-merit report. *Id.* at 3–7.

Conner petitioned for review by the Wisconsin Supreme Court, *see* Respt's Answer Ex. 6, ECF No. 12-6, which the court summarily denied on January 14, 2020, *see* Respt's Answer Ex. 7, ECF No. 12-7.[2]

In February 2021, Conner filed a habeas petition in federal district court. *See* Pet., ECF No. 1. The matter was reassigned to me after all parties consented to magistrate-judge jurisdiction under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73(b). *See* ECF Nos. 4, 10, 11. After the respondent filed his answer, *see* ECF No. 12, the court denied Conner's requests for appointed counsel, *see* ECF Nos. 17, 25, 31, 36, and granted the parties several extensions for filing their briefs, *see* ECF Nos. 14, 19, 21, 25, 28, 31, 33, 36. Ultimately, Conner filed a brief in support of his petition, *see* ECF No. 16; the respondent filed a brief opposing the petition, *see* ECF No. 22; and Conner filed a reply brief, *see* ECF No. 37.

## STANDARD OF REVIEW

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) governs Conner's petition. Under AEDPA, a prisoner in custody pursuant to a state-court judgment of conviction is entitled to federal habeas relief only if he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). With respect to claims adjudicated on the merits in state court, a federal court can grant an application for a writ of habeas corpus "only if the state court's decision was contrary to clearly established Supreme Court precedent, involved an unreasonable application of such precedent, or was based on an unreasonable determination of the facts in light of the evidence presented in state

---
[2] *State v. Conner*, No. 2018AP1044-CRNM, 2020 Wisc. LEXIS 41 (Wis. Jan. 14, 2020).

4

court." *Promotor v. Pollard*, 628 F.3d 878, 888 (7th Cir. 2010) (citing 28 U.S.C. § 2254(d)); *see also White v. Woodall*, 572 U.S. 415, 419 (2014).

"A legal principle is 'clearly established' within the meaning of [28 U.S.C. § 2254(d)(1)] only when it is embodied in a holding of [the Supreme] Court." *Thaler v. Haynes*, 559 U.S. 43, 47 (2010) (citing *Carey v. Musladin*, 549 U.S. 70, 74 (2006); *Williams v. Taylor*, 529 U.S. 362, 412 (2000)). A state-court decision is "contrary to" clearly established federal law if "the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams*, 529 U.S. at 412–13 (opinion of O'Connor, J.). Similarly, a state-court decision results in an "unreasonable application" of clearly established federal law when that court either "identifies the correct governing legal rule from [Supreme Court] cases but unreasonably applies it to the facts of the particular state prisoner's case" or "unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." *Id.* at 407.

A writ of habeas corpus may not issue under the "unreasonable application" clause "simply because the federal court concludes that the state court erred. Rather, the applicant must demonstrate that the state court applied the Supreme Court's precedent in an objectively unreasonable manner." *Kubsch v. Neal*, 838 F.3d 845, 859 (7th Cir. 2016) (citing *Woodford v. Visciotti*, 537 U.S. 19, 24–25 (2002)). Thus, the petitioner "must show that the state court's ruling . . . was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fair-minded disagreement." *Id.* (quoting *Harrington v. Richter*, 562 U.S. 86, 103 (2011)).

5

"[A] state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance." *Wood v. Allen*, 558 U.S. 290, 301 (2010) (citing *Williams*, 529 U.S. at 411). For purposes of federal habeas review, state-court factual determinations are entitled to "substantial deference." *Brumfield v. Cain*, 576 U.S. 305, 314 (2015). To obtain relief under § 2254(d)(2), a petitioner must demonstrate that the state-court decision "rests upon fact-finding that ignores the clear and convincing weight of the evidence." *McManus v. Neal*, 779 F.3d 634, 649 (7th Cir. 2015) (quoting *Goudy v. Basinger*, 604 F.3d 394, 399 (7th Cir. 2010)); *see also* 28 U.S.C. § 2254(e)(1). "The decision must be 'so inadequately supported by the record as to be arbitrary and therefore objectively unreasonable.'" *Alston v. Smith*, 840 F.3d 363, 370 (7th Cir. 2016) (quoting *Ward v. Sternes*, 334 F.3d 696, 704 (7th Cir. 2003)).

When applying the above standards, federal courts look to "the 'last reasoned state-court decision' to decide the merits of the case, even if the state's supreme court then denied discretionary review." *Dassey v. Dittmann*, 877 F.3d 297, 302 (7th Cir. 2017) (quoting *Johnson v. Williams,* 568 U.S. 289, 297 n.1 (2013)).

## DISCUSSION

Conner raises seven potential grounds for relief in his petition. Pet. 6–9, 15–17. First, he claims that his convictions for first-degree reckless injury and attempted first-degree intentional homicide resulted in inconsistent verdicts. Second, he claims that his convictions for both the reckless injury charge and the attempted homicide charge violated the Double Jeopardy Clause. Third, he claims that the prosecutor engaged in misconduct and retaliation when he filed an amended information after Conner declined to enter a plea agreement. Fourth, he claims that he was denied an opportunity to defend himself against the attempted

homicide charge because the State filed the amended information on the eve of trial. Fifth, he claims that his trial lawyer provided ineffective assistance of counsel with respect to the trial stipulations. Sixth, he claims that the trial court failed to comply with state law and relied on inaccurate information at sentencing. Finally, he claims that the jury verdict form for attempted homicide did not include the party-to-a-crime modifier.

I. **Conner Is Not Entitled to Habeas Relief on His Inconsistent Verdicts Claim**

Conner first argues that his due process rights were violated when he was convicted of both the reckless injury charge and the attempted homicide charge because both involved the same victim and the same set of facts yet required a different degree of criminal intent (reckless vs. intentional). It's unclear how the verdicts are legally inconsistent, however; the jury found Conner guilty of both crimes. Even if the verdicts were inconsistent, the Wisconsin Court of Appeals did not unreasonably apply clearly established federal law in rejecting Conner's argument. The court correctly determined that, "unlike civil cases, there is no requirement that verdicts on multiple counts in a criminal case be consistent." Ex. 5, at 4 (citing *State v. Thomas*, 2004 WI App 115, ¶¶ 41–43, 683 N.W.2d 497). Likewise, "[t]he United States Supreme Court has held that inconsistent verdicts are constitutionally tolerable." *Mahaffrey v. Schomig*, 294 F.3d 907, 921 (7th Cir. 2002) (citing *Los Angeles v. Heller*, 475 U.S. 796, 804 (1986); *Standefer v. United States*, 447 U.S. 10, 25 (1980)). Conner therefore is not entitled to relief under § 2254 on his inconsistent verdicts claim.

II. **Conner Is Not Entitled to Habeas Relief on His Double Jeopardy Claim**

Conner argues that, in addition to being inconsistent, his convictions for both the reckless injury charge and the attempted homicide charge violated double jeopardy. The Double Jeopardy Clause prohibits putting a defendant twice in jeopardy "for the same

7

offense." U.S. Const., amend. V. The Wisconsin Court of Appeals rejected Conner's double jeopardy claim, finding that the convictions were not duplicative because they did not involve a joining of multiple offenses in a single count. Ex. 5, at 4–5. The court also determined that the convictions were not multiplicitous because the two offenses are not identical in law and there was no indication that the legislature did not intend to authorize multiple punishments.

As support, the court cited *State v. Ziegler*, which correctly set forth the two-step framework established by the Supreme Court—and adopted by Wisconsin courts—for evaluating double jeopardy claims. "First, the court determines whether the offenses are identical in law and fact using the 'elements-only' test set forth in *Blockburger v. United States*, 284 U.S. 299, 304 (1932)." *Ziegler*, 2012 WI 73, ¶ 60, 816 N.W.2d 238 (citing *State v. Patterson*, 2010 WI 130, ¶ 12, 790 N.W.2d 909; *State v. Davison*, 2003 WI 89, ¶ 43, 666 N.W.2d 1). "Under the 'elements-only' test, two offenses are identical in law if one offense does not require proof of any fact in addition to those which must be proved for the other offense." *Id.* (citing *Blockburger*, 284 U.S. at 304). Second, the court determines whether the state legislature intended to authorize cumulative punishments for both offenses. "If the offenses are identical in law and fact, a presumption arises that the legislature did not intend to authorize cumulative punishments." *Id.* ¶ 61 (citing *Patterson*, 2010 WI 130, ¶ 15; *Davison*, 2003 WI 89, ¶ 43). "Conversely, if the offenses are different in law or fact, the presumption is that the legislature intended to permit cumulative punishments." *Id.* ¶ 62 (citing *Patterson*, 2010 WI 130, ¶ 15; *Davison*, 2003 WI 89, ¶ 44). Wisconsin's approach to double jeopardy claims is consistent with Supreme Court precedent. *See, e.g.*, *Brown v. Ohio*, 432 U.S. 161, 164–66 (1977). Thus, by citing *Ziegler*, the court of appeals correctly identified the controlling federal law.

The Wisconsin Court of Appeals also reasonably applied that law to Conner's claim. In Wisconsin, first-degree reckless injury requires proof of three elements: (1) the defendant caused great bodily harm to another person; (2) the defendant caused great bodily harm by criminally reckless conduct; and (3) the circumstances of the defendant's conduct showed utter disregard for human life. *See* Wis. Crim. JI 1250. Conversely, attempted first-degree intentional homicide requires proof of only two elements: (1) the defendant intended to kill the victim; and (2) the defendant did acts toward the commission of the crime that demonstrate unequivocally, under all the circumstances, that the defendant intended to kill and would have killed the victim except for the intervention of another person or some other extraneous factor. *See* Wis. Crim. JI 1070. Because the elements of one offense do not completely overlap with the elements of the other (e.g., reckless injury requires proof of great bodily harm and reckless conduct whereas attempted homicide focuses on the defendant's intent to kill and acts reflecting that intent), the two offenses are not identical in law. *See Randolph v. State*, 266 N.W.2d 334, 339 (Wis. 1978) (holding that reckless injury is not a lesser-included offense for attempted first-degree homicide), *superseded on other grounds by statute as stated in State v. Shah*, 397 N.W.2d 492, 495 n.4 (Wis. 1986). Conner also does not point to any evidence or authority suggesting that the Wisconsin legislature did not intend to authorize multiple punishments for both reckless injury and attempted homicide.

Moreover, even if Conner could satisfy the two-step *Blockburger* test, he cannot show that he has been subjected to cumulative punishments for the same crime. The Supreme Court has explained that the Double Jeopardy Clause prohibits both consecutive sentences at a single trial and successive prosecutions for the same offense. *See Brown*, 432 U.S. at 165–66. Conner alleges that he received multiple punishments for the same offense. However, as the

9

Wisconsin Court of Appeals correctly noted, although Conner was convicted of both charges, he did not receive consecutive sentences for them. Ex. 5, at 5 n.5. Rather, the circuit court ordered that the sentence for the reckless injury conviction run concurrently—that is, at the same time—to the sentence for the attempted homicide conviction. *See* Ex. 19 at 23–25.

Conner therefore is not entitled to relief under § 2254 on his double jeopardy claim.

### III. Conner Is Not Entitled to Habeas Relief on His Prosecutorial Misconduct Claim

Conner also argues that the State engaged in prosecutorial misconduct when it added the attempted homicide charge in retaliation for Conner rejecting the State's plea offer. The Supreme Court "has explained that prosecutorial misconduct may rise to a due process violation in different circumstances." *Anthony v. Louisiana*, 143 S. Ct. 29, 33 (2022). "The ultimate question has been whether a prosecutor's conduct 'so infected the trial with unfairness as to make the resulting conviction a denial of due process.'" *Id.* (quoting *Donnelly v. DeChristoforo*, 416 U. S. 637, 643 (1974)).

The Wisconsin Court of Appeals found that the prosecutor's decision to file an amended information did not amount to vindictiveness given the broad discretion afforded to prosecutors in charging decisions, Supreme Court precedent establishing that there's no presumption of vindictiveness when a prosecutor increases charges prior to trial based on a defendant's refusal to accept a plea offer, and the fact that Conner failed to show actual vindictiveness. Ex. 5, at 5. The court cited *Bordenkircher v. Hayes*, 434 U.S. 357, 358, 365 (1978), which held that the Due Process Clause is not violated when a prosecutor carries out a threat to file more serious charges if the defendant refuses to plead guilty to the charged offense. Absent situations involving a presumption of vindictiveness, the defendant has the burden to prove actual vindictiveness. *See Alabama v. Smith*, 490 U.S. 794, 799–800 (1989) (citing *Wasman*

10

*v. United States*, 468 U.S. 559, 569 (1984)). Conner, however, points to no evidence suggesting that the prosecutor added the attempted homicide charge to influence Conner's conduct. Indeed, the prosecutor filed the amended information the day trial was set to begin. *See* Ex. 9, at 2–3. The state court of appeals therefore identified the controlling federal law, reasonably applied that law, and based its decision on a reasonable determination of the facts.

In his habeas brief, Conner suggests that, after adding the attempted homicide charge, the State was required to offer him a new deal. He does not, however, cite any authority to support this argument. That's unsurprising given that "[a] prosecutor is under no duty to plea bargain at all." *Alkhalidi v. Neal*, 963 F.3d 684, 687 (7th Cir. 2020) (quoting *Manges v. State*, 860 N.E.2d 928 (Ind. Ct. App. 2007)).

Conner therefore is not entitled to relief under § 2254 on his prosecutorial misconduct claim.

**IV.  Conner Is Not Entitled to Habeas Relief on His Untimely Amendment Claim**

Conner argues that, in addition to being improper, the State's decision to amend the information on the eve of trial deprived him of the opportunity to defend himself against the attempted homicide charge. Although Conner cited the Constitution in his no-merit response, he argued that the amendment was untimely under section 971.01 of the Wisconsin statutes. *See* Ex. 3, at 2, 13. That statute, however, governs the timing of only the original information, which must be filed with thirty days of the preliminary hearing. *See* Wis. Stat. § 971.01(2). The Wisconsin Court of Appeals correctly noted that, in Wisconsin, an information may be amended at trial if the amendment is not prejudicial to the defendant. Ex. 5, at 5 (citing *State v. Flakes*, 410 N.W.2d 614, 617 (Wis. Ct. App. 1987)); *see also* Wis. Stat. § 971.29(2). The court determined that Conner was not prejudiced because he had notice of the alleged conduct

11

underlying the attempted homicide charge and because his defense to that charge was the same as his defense to the reckless injury charge (i.e., he was not the shooter). Conner's untimely amendment claim is not cognizable to the extent he relies on a violation of state law. *See Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991) (citing 28 U.S.C. § 2241; *Rose v. Hodges*, 423 U.S. 19, 21 (1975) (per curiam)) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States.").

Conner's untimely amendment claim also fails if construed as an alleged constitutional violation. The Due Process Clause requires that a criminal defendant receive reasonable notice of the specific charge and a meaningful opportunity to defend. *See Cole v. Arkansas*, 333 U.S. 196, 201 (1948). Here, the State alleged that Conner and another individual took money from A.W.'s pockets and shot him several times; A.W. survived the shooting but suffered about nine gunshot wounds. *See* Ex. 2 at 5–6. Given those facts, Conner cannot claim to have been surprised by the State charging him with attempted homicide charge. *See Paterno v. Lyons*, 334 U.S. 314, 320–21 (1948) (finding no due process violation where there was a "close kinship" between the added charge and the original charge). As Conner's appellate lawyer aptly noted in his supplemental no-merit report, the case originally was undercharged, likely to induce Conner to plead guilty. *See* Ex. 4, at 5–6. Moreover, Conner was given a meaningful opportunity to defend himself against the attempted homicide charge, which was based on the exact same facts as the reckless injury charge. And his defense to both charges was the same: he was not involved in the shooting. *See* Ex. 11, at 18–21; Ex. 15, at 4–14. Thus, the late amendment did not violate Conner's right to due process.

12

The two cases Conner relies upon to support his untimely amendment argument do not help him. The first case, *Hamling v. United States*, 418 U.S. 87 (1974), explains that criminal defendants must receive adequate notice of the charges against them. That case, however, concerned the language used in the indictment, not the timeliness of an amendment. *Id.* at 117–24. The other case, *United States v. Woodward*, 469 U.S. 105 (1985), is a double jeopardy case that applies the *Blockburger* test. It simply does not involve an alleged due process violation based on depriving a defendant of an opportunity to defend himself.

Conner therefore is not entitled to relief under § 2254 on his untimely amendment claim.

## V. Conner Is Not Entitled to Habeas Relief on His Ineffective Assistance of Counsel Claim

Next, Conner argues that his trial lawyer provided ineffective assistance of counsel when he advised Conner to stipulate to certain elements concerning the unlawful possession and bail jumping chargers. Criminal defendants have a constitutional right "to the effective assistance of counsel." *Strickland v. Washington*, 466 U.S. 668, 686 (1984) (quoting *McMann v. Richardson*, 397 U.S. 759, 771 n.14 (1970)). To succeed on an ineffective-assistance-of-counsel claim, a habeas petitioner "must show both that counsel's representation fell below an objective standard of reasonableness, and that there exists a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Kimmelman v. Morrison*, 477 U.S. 365, 375 (1986) (citing *Strickland*, 466 U.S. at 688, 694). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. "[C]ourts need not address both prongs of *Strickland*" if the petitioner makes an inadequate showing as to one. *Atkins v. Zenk*, 667 F.3d 939, 946 (7th Cir. 2012) (citing *Strickland*, 466 U.S. at 697).

13

"Judicial scrutiny of counsel's performance must be highly deferential." *Strickland*, 466 U.S. at 689. On habeas review, "[t]he question 'is not whether a federal court believes the state court's determination' under the *Strickland* standard 'was incorrect but whether that determination was unreasonable—a substantially higher threshold.'" *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009) (quoting *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007)). Thus, when a *Strickland* claim is evaluated under § 2254(d)(1), the standard of review is said to be "doubly deferential." *See id.* (citing *Yarborough v. Gentry*, 540 U.S. 1, 5–6 (2003) (per curiam)).

Although the Wisconsin Court of Appeals did not identify *Strickland* as the controlling law for Conner's ineffective assistance of counsel claim, the court's decision is not contrary to *Strickland*, did not involve an unreasonable application of *Strickland*, and did not result in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in state court. Conner, through counsel, entered into two stipulations at trial: (1) that he had a juvenile adjudication that prohibited him from possessing a firearm; and (2) that when A.W. was shot, Conner was subject to bond conditions for another offense that barred him from committing any new crimes. *See* Ex. 13, at 41–48. Prior to accepting the stipulations, the circuit court questioned Conner outside the presence of the jury. Conner affirmed he understood that, while the stipulations would relieve the State of its burden of proof on those elements, they also would prevent the jury from hearing details of his prior crimes. He also affirmed that he had enough time to discuss the stipulations with his lawyer and that the stipulations were not coerced by any promises or threats.

Given that factual record, the Wisconsin Court of Appeals reasonably determined that there was no basis to support an ineffective assistance of counsel claim. *See* Ex. 5, at 6. The record demonstrated that Conner's lawyer adequately informed him of the pros and cons of

14

the stipulations and that Conner entered into them knowingly, voluntarily, and intelligently. Thus, counsel's performance was not deficient. The record also reflects that the stipulations did not prejudice Conner. The stipulations prevented the jury from hearing facts about Conner's past crimes, and they conceded elements that the State easily would have been able to prove. Conner therefore is not entitled to relief under § 2254 on his ineffective assistance of counsel claim.

## VI. Conner Is Not Entitled to Habeas Relief on His Sentencing Claim

Conner further argues that the circuit court erred at sentencing. He first contends that the court failed to comply with section 973.017(10m) of the Wisconsin statutes, which requires courts to state the reasons for their sentencing decision in open court and on the record. However, as explained above, a violation of state law is not a cognizable federal habeas claim. *See Estelle*, 502 U.S. at 67–68. In any event, the record also shows that the circuit court thoroughly explained the reasons for its sentencing decision *See* Ex. 19, at 15–26.

Conner also maintains that the circuit court relied on inaccurate information at sentencing. "[A] criminal defendant has the due process right to be sentenced on the basis of accurate information." *Promotor*, 628 F.3d at 888 (quoting *Ben-Yisrayl v. Buss*, 540 F.3d 542, 554 (7th Cir. 2008)). "But not all inaccuracies deprive a defendant of due process; the incorrect information must be 'materially untrue.'" *Id.* (quoting *Townsend v. Burke*, 334 U.S. 736, 741 (1948)). To prevail on an inaccurate information claim, the defendant must also demonstrate that the sentencing court actually "*relied* on the critical inaccurate information when announcing its sentence." *Id.* (citing *Simonson v. Hepp*, 549 F.3d 1101, 1107 (7th Cir. 2008)). "A sentencing court demonstrates actual reliance on misinformation when 'the court gives explicit attention to it, founds its sentence at least in part on it, or gives specific consideration

15

to the misinformation before imposing sentence.'" *Id.* (quoting *Lechner v. Frank*, 341 F.3d 635, 639 (7th Cir. 2003)).

Conner's inaccurate information argument focuses on the circuit court's handling of the sentencing recommendation provided by the pre-sentence investigator (or, more precisely, the recommendation the investigator failed to provide). According to Conner, the investigator's sentencing recommendation was ambiguous. He faults the circuit court for not contacting the investigator to obtain a clarification of his ambiguous recommendation.

The Wisconsin Court of Appeals effectively held that the circuit court did not rely on any inaccurate information at sentencing. *See* Ex. 5, at 7. Rather, as the court of appeals observed, the circuit court simply noted that it was "not sure" what to do with the investigator's recommendation because the report inexplicably omitted the attempted homicide charge. That observation is consistent with the record. *See* Ex. 19, at 23–24. The court of appeals also observed that the circuit court's concern was valid—it omitted the most serious conviction—and that the court was well within its right to discount the investigator's recommendation. Ex. 5, at 7. In the end, the circuit court adopted the investigator's other recommendations and imposed a sentence on the attempted homicide charge that fell between Conner's low request and the State's high one. *See* Ex. 19, at 24–25. The court of appeals reasonably determined that Conner was not sentenced based on inaccurate information.

Conner therefore is not entitled to relief under § 2254 on his sentencing claim.

## VII. Conner Is Not Entitled to Habeas Relief on His Verdict Form Claim

Finally, Conner argues that the attempted homicide verdict form was constitutionally defective because it failed to include the party to a crime modifier. "Erroneous instructions on the elements of an offense or the State's burden to prove guilt beyond a reasonable doubt are

16

a violation of a defendant's due process right under the Fourteenth Amendment." *Charlton v. Davis*, 439 F.3d 369, 372 (7th Cir. 2006) (citing *Sanders v. Cotton*, 398 F.3d 572, 581–82 (7th Cir. 2005)). Here, the Wisconsin Court of Appeals determined that any error on the verdict form was harmless because the jury was adequately instructed on party-to-a-crime liability. *See* Ex. 5, at 6. That finding has more than adequate support in the record, as the circuit court explained party-to-a-crime liability at several points of the trial, including just prior to deliberations. *See* Ex. 10, at 30–31, 34, 41–42; Ex. 14, at 53–55, 62–64; Ex. 15, at 19–21. Conner does not identify any clearly established Supreme Court precedent that he believes the court of appeals' decision was contrary to or that the court unreasonably applied. Conner therefore is not entitled to relief under § 2254 on his verdict form claim.

## CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate should be issued only where the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). For a certificate of appealability to issue, a petitioner must show that "reasonable jurists" would find the district court's "assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, I cannot conclude that the assessment of the merits of Conner's claims is debatable by reasonable jurists. I will therefore deny a certificate of appealability.

## CONCLUSION

For the reasons given above, the court **DENIES** the petition, ECF No. 1, and **DISMISSES** this action. The court also **DENIES** a certificate of appealability. The clerk of court shall enter judgment accordingly.

17

**SO ORDERED** this 29th day of March, 2024.

_____
STEPHEN C. DRIES
United States Magistrate Judge